IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **ERIN MILLER,**<br><br>    Plaintiff,<br><br>v.<br><br>**KINSETH HOTEL CORPORATION**<br><br>    Defendant. | **Case No:**<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Erin Miller, by and through her undersigned counsel, and for her cause of action against Kinseth Hotel Corporation states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the claim set forth herein arise under federal law, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. Venue is proper in this Court, as the unlawful actions set forth herein took place in Clear Lake, Cerro Gordo County, Iowa, which is within the Eastern Division of the Northern District of Iowa.

## PARTIES

3. Plaintiff Erin Miller (hereinafter "Miller") is and was at all times material hereto a resident of Clear Lake, Cerro Gordo County, Iowa.

4. Defendant Kinseth Hotel Corporation is an Iowa corporation with its home office in Coralville, Johnson County, Iowa.

## COUNT I
## Violations of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA")

5. Defendant is an "employer" within the meaning of the Fair Labor Standards Act of 1938, as amended, and at all times material hereto was an enterprise engaged in commerce or in the production of goods for commerce.

6. Defendant employed Miller from approximately February 4, 2015 through March 30, 2022 at its Bennigan's Restaurant, located at the Best Western Holiday Lodge in Clear Lake, Iowa.

7. Miller first worked for Defendant as a bartender and server. She was then promoted to a full-time Shift Manager position, and then to a full-time Service Manager position.

8. Miller held the Service Manager position for approximately the last four years of her employment with Defendant.

9. Throughout the time Miller worked as a Service Manager, Defendant classified Miller as an "exempt" employee under the FLSA and compensated her on a salary basis.

10. Defendants required Miller, as Service Manager, to work a minimum of 46 hours per week.

11. As Service Manager, Miller was responsible for supervising the "front of the house" at Defendant's Bennigan's restaurant, which included supervising the hosts, servers, bartenders and table cleaning workers.

12. At all times material hereto, Defendant classified its hosts, servers, kitchen workers, and cleaning workers as "non-exempt" employees under the FLSA and paid them on an hourly basis.

13. As Service Manager, Miller did not have authority to terminate employees.

14. In the spring of 2020, the COVID-19 pandemic resulted in the widespread closures of many schools, restaurants and other public facilities.

15. In March 2020, Defendant closed its Bennigan's restaurant and placed Miller and other staff on layoff status due to the pandemic.

16. Defendant called Miller back to work during the pandemic in late April 2020. No other Bennigan's staff were called back to work at that time.

17. For about the first two weeks after Miller returned to work in late April 2020, Miller's job duties consisted exclusively of cleaning the restaurant.

18. In about mid-May 2020, Defendant called a few other Bennigan's employees back to work on a part-time basis.

19. Defendant re-opened its Bennigan's restaurant to the public in mid-May 2020.

20. From May 2020 through approximately January 2022 (hereinafter "the pandemic period"), Defendant operated its Bennigan's restaurant with a significantly reduced staff.

21. From the time Miller returned to work in April 2020, through December 2021, Miller spent sixty percent or more of her time working as a host, a server, assisting in the kitchen preparing food, cleaning, setting up and serving banquets, and driving a hotel shuttle.

22. From about May 11, 2020 through June 3, 2021, Miller worked as the only host and server on duty during the daytime service hours.

23. Defendant classifies its hosts, servers, kitchen workers, cleaning workers, banquet servers, and shuttle drivers as "non-exempt" employees and pays them on an hourly basis.

24. Throughout Miller's employment, banquets were held at Defendant's Best Western Holiday Lodge hotel, with the banquet meals prepared and served by Defendant's Bennigan's restaurant staff.

25. Defendant's usual practice was to charge a 20% "service fee" to the bill for banquets held at its hotel.

26. Defendant distributed the banquet "service fee" funds as tips to the employees who had served the banquet guests.

27. Banquets were held at Defendant's hotel during the pandemic period.

28. Defendant charged its usual 20% "service fee" for those banquets held at its hotel during the pandemic period.

29. During the pandemic period, Miller set up, served, and took down banquets with little or no assistance from others.

30. Defendant did not allow Miller to keep any tips from the "service fees" collected from the banquets which Miller had served during the pandemic.

31. Miller worked at least 46 hours per week, and frequently as many as 60 or 70 hours in a week, throughout the pandemic period.

32. From April 2020 through December 2021, Miller qualified as a "non-exempt" employee under the FLSA and its implementing regulations.

33. From April 2020 through December 2021, Defendant classified Miller as an "exempt" employee under the FLSA and did not pay her overtime wages.

34. From April 2020 through December 2021, Defendant violated the FLSA by failing to pay Miller overtime wages of one and one-half times her regular hourly rate for all hours she worked over 40 in a week.

35. Defendant also violated the FLSA by failing to pay Miller the "service fees," or tips, she earned while performing non-exempt work as a banquet server during the pandemic period.

4

36. Defendant's violations of the FLSA were willful.

37. As a result of Defendant's unlawful conduct, Miller has been damaged.

38. Miller is entitled to liquidated damages.

**WHEREFORE,** Plaintiff Erin Miller respectfully prays that this Court enter judgment against Defendant Kinseth Hotel Corporation and award her damages, including overtime compensation owed, banquet tips owed, liquidated damages, and reasonable attorney fees and costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By /s/ Melissa C. Hasso
Melissa C. Hasso          AT0009833
By /s/ Emily E. Wilson
Emily E. Wilson           AT0013860
SHERINIAN & HASSO LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone (515) 224-2079
Facsimile (515) 224-2321
Email: melissah_sherinianlaw@msn.com
       ewilson@sherinianlaw.com
ATTORNEYS FOR PLAINTIFF